IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| STAR CO LED TECHNOLOGIES, LLC, | § | |
| *Plaintiff*, | § | Civil Action No. 2:13-cv-416-JRG |
| v. | § | |
| SHARP CORPORATION; SHARP ELECTRONICS CORPORATION; SONY ELECTRONICS INC., and VIDEOLAND, LLC d/b/a MODIA HOME THEATRE STORE | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Sharp Corporation, Sharp Electronics Corporation ("Sharp") and Sony Electronics, Inc.'s ("Sony") Motion to Sever and to Stay Plaintiff's Claims Against Defendant Videoland, LLC ("Videoland") ("Defendants' Motion") (Dkt. No. 34)[1]. Having considered the parties' written submissions and for the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Defendants' Motion.

I. **BACKGROUND**

Plaintiff Star Co LED Technologies, LLC ("Plaintiff") sued Sharp, Sony and Videoland (collectively, "Defendants") on May 17, 2013. (Dkt. No. 1). Plaintiff alleges that Defendants infringe U.S. Patent No. 6,964,489 ("the '489 Patent") by manufacturing, importing, using, selling

---
[1] Videoland joined Defendants' Motion on October 16, 2013 (Dkt. No. 48).

or offering for sale products that "include display technology that infringes one or more claims of the '489 patent." *Id.* Plaintiff specifically identifies certain light-emitting diode (LED) and/or liquid crystal display (LCD) televisions manufactured by Sharp and Sony in its Complaint (Dkt. No. 1), but contends that Videoland further infringes the '489 Patent by selling infringing products made by other manufacturers. *See* Plaintiff's Response and Surreply in Opposition to Defendants' Motion (Dkt. No. 43 at 5; Dkt. No. 53 at 8). In other words, Plaintiff alleges that at least the following categories of products infringe the '489 Patent: (1) products manufactured by Sharp and sold to consumers by Videoland; (2) products manufactured by Sony and sold to consumers by Videoland; and (3) products manufactured by a yet to be named third party or parties, and sold to consumers by Videoland.[2]

Defendants assert that Section 19 of the America Invents Act (AIA), 35 U.S.C. § 299, and Federal Rule of Civil Procedure 20 mandate severance of Plaintiff's claims into three separate actions, roughly corresponding to the categories set out above. *See* Defendants' Motion (Dkt. No. 34 at 17) and Defendants' Reply (Dkt. No. 50 at 8). Plaintiff opposes the motion, arguing first that its overlapping claims against Sharp and Videoland, as well as Sony and Videoland, justify joinder of its claims against all Defendants. *See* Plaintiff's Response (Dkt. No. 43 at 7-9). Alternatively, Plaintiff contends that Sharp manufactured LCD panels for Sony televisions, that "likely" include the allegedly infringing display technology. *Id.* at 10. Plaintiff requests the opportunity to conduct limited discovery regarding the alleged incorporation of Sharp components in accused products manufactured by Sony. *Id.*

---

[2] The Court is not suggesting that these categories are exclusive, or limiting the accused products in any way at this stage of the case.

## II. APPLICABLE LAW

### A. Joinder

Under Rule 20, joinder is proper where: (1) the claims against the defendants arise out of the "same transaction, occurrence, or series of transactions or occurrences," and (2) there is a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2); *In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012) ("*In re EMC I*"). In *In re EMC I*, the Federal Circuit clarified the standard for joinder by holding that "[c]laims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts." *Id.* at 1359. In addition, "joinder is not appropriate where different products or processes are involved." *Id.* "Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." *Id.*

Furthermore, Section 19 of the AIA governs the joinder of parties in patent infringement actions. The AIA allows for the joinder of alleged infringers "only if":

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a). Under both Rule 20 and the AIA, the claims against each defendant must relate to "the same transaction, occurrence, or series of transactions or occurrences." *Id.*; *Norman*

*IP Holdings, LLC v. Lexmark Int'l, Inc.*, 2012 U.S. Dist. LEXIS 112757 at * 13 (E.D. Tex. Aug. 10, 2012).

### B. Stay

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the Court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant a stay, the Court considers three factors: (1) whether a stay would unduly prejudice the non-moving party or present a clear tactical advantage to the moving party; (2) whether a stay would simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been established. *Soverain Software*, 356 F. Supp. 2d at 662. "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, Civ. No. 2:04-cv-32-TJW, 2008 U.S. Dist. LEXIS 8735 at *6 (E.D. Tex. Oct. 29, 2008).

## III. ANALYSIS

### A. Joinder

Here, the parties dispute whether there is a "question of law or fact common to all defendants" sufficient to justify the joinder of Sharp, Sony and Videoland in a single action. *In re EMC Corp.*, 677 F.3d at 1359. As part of its opposition to Defendants' Motion, Plaintiff argues that Sharp and Sony may be liable for infringement based on the same products because of a joint venture under which Sharp manufactured LCD panels for use in Sony televisions.

4

The Court is persuaded that the nature and scope of said joint venture is significant to the determination of whether Sharp and Sony were properly joined under Rule 20 and the AIA. Although Sharp and Sony have provided some information regarding this issue in the form of employee declarations, the Court finds the record has not been sufficiently developed at this point in time for it to determine with clarity whether or not joinder is proper.

Given that the case is still in its early stages, the Court deems it prudent to direct the parties to further develop the record to address the significance of the joint venture between Sharp and Sony to Plaintiff's claims. Such development will hopefully assist the Court in determining whether this case involves "independently developed products using differently sourced parts," or if the common facts regarding the accused products constitute "an actual link between the facts underlying each claim of infringement." *See In re EMC Corp.*, 677 F.3d at 1359.

While the Court makes no effort to predict the outcome of such focused discovery, the Court reasonably expects to have a fuller context for making a determination as to these issues once such discovery is complete. As the Federal Circuit has held, "even if a plaintiff's claims arise out of the same transaction and there are questions of law and fact common to all defendants, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *In re EMC Corp.*, 677 F.3d 1360 (citing *Acevedo v. Allsup's Convenience Stores*, Inc., 600 F.3d 516, 521 (5th Cir. 2010)). In any event, the development of the record will better arm the Court with the facts necessary for the prudent exercise of its discretion.

### B. Stay

Courts may be more inclined to stay patent claims against distributors or resellers of accused products that are designed or manufactured by other defendants. *See e.g. Shifferaw v.*

*Emson USA, et al.*, No. 2:09-cv-54-TJW, 2010 U.S. Dist. LEXIS 25612 (E.D. Tex. Mar. 18, 2010) (severing and staying claims against retailer defendants, transferring claims against manufacturer); *Secure Axcess, LLC v. Nintendo of Am., Inc.*, No. 2:13-cv-32-JRG, 2014 U.S. Dist. LEXIS 30115, at *22-24, 26 (E.D. Tex. Mar. 7, 2014) (staying claims against retailer defendants without transfer). However, the parties dispute whether or not this case is distinguishable from such "customer suit" cases.

The Court is persuaded that Defendants' Motion to Stay is most efficiently addressed in conjunction with a renewed motion to sever, once the discovery described above is complete. Accordingly, the Court deems it prudent to deal with Defendants' Motion to Stay in the same manner as the Motion to Sever.

I. **CONCLUSION**

For the reasons stated above, the Court hereby **DENIES WITHOUT PREJUDICE** Defendants' Motion to Sever and Stay (Dkt. No. 34). After completion of discovery within the next **sixty (60)** days targeted toward further developing the above issues, Defendants are granted leave to file with the Court a renewed motion to sever and stay. The Court further **ORDERS** the parties to meet and confer within **seven (7) days** hereof with respect to the appropriate scope and manner of discovery needed to support such a renewed motion and the related briefing. Although the Court is confident in the parties' ability to reach amicable and mutual agreements on such issues, any disputes with respect to the scope or manner of such discovery should be promptly brought to the Court's attention by way of specific motion.

**So ORDERED and SIGNED this 14th day of May, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE